## JAMES A. CHAPPELL, ETC., v. EZEKIAL SUDDUTH, ETC.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

March 5, 1872.

**Pleadings—Offer to File Amendment—Discretion of the Court—Not Prejudiced when Judgment would be Same.**
> A court does not abuse a sound discretion by rejecting an amended pleading where the judgment must be the same as if the amendment had been filed.

**Ejectment—Action for Possession—Pleading Title Under Sheriff's Deed.**
> In order to recover under a sheriff's deed the petition must show the execution, levy and deed of the sheriff, also the judgment upon which the execution issued. The judgment and execution are the authority for selling and must be exhibited to show that the party's right has been regularly deduced from the original claimant.

OPINION OF THE COURT BY JUDGE PETERS:

This was originally brought in the nature of an action in eject-ment to recover the land from Ezekiel and John Sudduth. Eze-kiel Sudduth in his answer merely denied he was wrongfully in possession of the land, and controverted appellant's right thereto. But John Sudduth not only controverted their right but set up and relied on an asserted equitable title prior and superior to theirs and asked to have the cause transferred to the equity docket, and made his answer a cross-petition and asked that his co-defendant should be compelled to surrender and convey the legal title to him.

Appellants in their original petition did not attempt to set out their title, nor did they by any amendment offer to do so before the cause was submitted on final hearing, but after that was done, and perhaps after the court below had intimated what his judgment would be appellants then offered an amended petition, and asked permission to file it, which was refused, and their peti-tion was dismissed without prejudice, and they have appealed. It is insisted that the court below abused a sound discretion in refusing to permit the amendment to be filed.

To determine that question correctly it is proper to inquire whether appellants were prejudiced thereby, for if the judgment must have been the same even if the permission had been given, then appellants cannot complain.

As early as 1818 this court held that in making out title to land under a sale by a sheriff, not only the execution levy and deed of the sheriff but the judgment or judgments upon which the executions issued must be shown. The judgment and execution are the authority for selling, and must be exhibited to show that the party's right has been regularly deduced from the original claimant (*Dunn v. Meriwether,* 1 Mar. 158), and the question has been so decided in every case in which it arises from that time to the present.

The amendment tendered wholly failed to allege that there were any judgments to uphold the executions, and did not even make the sheriff's deed or a copy a party thereof, and if the court had sustained the motion to file it, the result must have been the same.

The debt to Wm. Sudduth was a debt for which the land was sold under the decree of foreclosure, and a lien to secure it was expressly reserved in the commissioner's deed to E. Sudduth. Without deciding further on the merits of the main controversy the judgment must be *affirmed*.

*Hargis, Ross, for appellants.*

*Phister, Andrews, Nowell, for appellees.*